**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1106
_____

LINDA RIZZO-RUPON; SUSAN MARSHALL;
NOEMIEO OLIVEIRA,
Appellants

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS,
AFL-CIO DISTRICT 141, LOCAL 914;
INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS
DISTRICT LODGE 141;
INTERNATIONAL ASSOCIATION OF MACHINISTS AEROSPACE WORKERS AFL-CIO
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-19-cv-00221)
Honorable William J. Martini, U.S. District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 18, 2020

Before: KRAUSE, RESTREPO, and BIBAS, *Circuit Judges*

(Opinion filed: September 23, 2020)

_____

OPINION[*]
_____

KRAUSE, *Circuit Judge*.

Under the Railway Labor Act's agency-fee provision, private-sector employers and unions may enter agreements requiring non-union employees to finance union activities. *See* 45 U.S.C. § 152, Eleventh(b). In keeping with that provision, United Airlines authorizes Appellees International Association of Machinists & Aerospace Workers, AFL-CIO, IAM District Lodge 141, and IAM Local 914 to collect fees from United's non-union employees. Appellants, who pay fees under that agreement, argue that the Act amounts to a facial violation of the First Amendment. Because the District Court correctly recognized that controlling precedent precludes Appellants' claim, we will affirm.

## A.    Discussion[1]

We begin with a premise that Appellants do not dispute: If *Railway Employees' Department v. Hanson*, 351 U.S. 225 (1956), remains good law, it bars Appellants' First Amendment challenge. In *Hanson*, the Supreme Court held that the Railway Labor Act's "requirement for financial support of the collective-bargaining agency by all who receive the benefits of its work . . . does not violate [] the First [Amendment]." *Id*. at 238. And as

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Rule 12(b)(6) for failure to state a claim. *See Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council*, 964 F.3d 218, 226 (3d Cir. 2020).

2

the Court has since clarified, while *Hanson* did not preclude as-applied challenges to the Act, *see Ellis v. Brotherhood of Ry., Airline & S.S. Clerks, Freight Handlers, Express & Station Emps.*, 466 U.S. 435, 456 (1984); *Int'l Ass'n of Machinists v. Street*, 367 U.S. 740, 748–49 (1961), it did foreclose claims, like Appellants', that attack only "the constitutional validity of [the Act] on its face," *Street*, 367 U.S. at 748 (citing *Hanson*, 351 U.S. at 238); *see Bolden v. Se. Pa. Transp. Auth.*, 953 F.2d 807, 827 (3d Cir. 1991) (en banc).

Recognizing as much, Appellants contend instead, based on a trio of recent Supreme Court opinions, that *Hanson* has been overruled. A review of those cases, however, makes apparent that it has not—at least not yet.

Appellants rely primarily on *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), where the Supreme Court invalidated longstanding precedent permitting public-sector unions to force non-members to pay agency fees. *Id*. at 2478 (overruling *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977)). But *Janus* took pains to distinguish *Hanson*, emphasizing that the "*private-sector* union shops" analyzed in *Hanson* presented "a very different First Amendment question" than the public-sector unions at issue in *Janus*. *Id*. at 2479 (emphasis retained).

Nor does *Knox v. Service Employees International Union, Local 1000*, 567 U.S. 298 (2012), support Appellants' position. In that case, the Court considered "whether the First Amendment allows a *public-sector* union to require objecting nonmembers to pay a special fee for the purpose of financing the union's political and ideological activities." *Id*. at 302 (emphasis added). Consistent with its focus on public-sector unions, *Knox* never even cited *Hanson*, let alone overruled it.

3

That leaves *Harris v. Quinn*, 573 U.S. 616 (2014), the third and final case Appellants read as invalidating *Hanson*. But *Harris* says nothing of the kind. Like its predecessors, *Harris* reaffirmed *Hanson*'s determination that the Act "was constitutional *in its bare authorization* of union-shop contracts requiring workers to give financial support to unions." *Id.* at 636 (internal quotation marks and citation omitted). In other words, the Court understood *Hanson* as holding that the Act does not violate the First Amendment on its face, but may be susceptible to as-applied challenges.

As a fallback position, Appellants maintain that even if *Janus*, *Knox*, and *Harris* do not explicitly overrule *Hanson*, they undermine its reasoning. Whatever the merits of this argument, however, the Supreme Court alone retains "the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/Am. Express Inc.*, 490 U.S. 477, 484 (1989). Unless and until that happens, *Hanson* remains binding precedent.[2]

## B. Conclusion

For the foregoing reasons, we will affirm the District Court's order of dismissal.

---

[2] The District Court dismissed the complaint on two alternative grounds: first, that Appellees are not state actors, and second, that *Hanson* forecloses facial First Amendment challenges to the Act. Having determined that *Hanson* resolves this appeal, we see no need to reach the state actor issue. In addition, because Plaintiffs have not contested the dismissal of their Fifth Amendment claim, we deem that claim abandoned and need not discuss it here. *See Free Speech Coal., Inc. v. Att'y Gen.*, 677 F.3d 519, 545 (3d Cir. 2012).